**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEKSANDR FEDOSEEV,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    12-70278

Agency No. A099-043-107

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

Aleksandr Fedoseev petitions for review of the Board of Immigration

Appeals' order denying his motion to reopen his application for asylum,

withholding of removal, and relief under the Convention Against Torture.

Fedoseev argues that he received ineffective assistance of counsel when, acting on

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

his counsel's advice, he decided to withdraw his asylum application and accept voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Ineffective assistance of counsel in removal proceedings may justify reopening those proceedings. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023-24 (9th Cir. 2004). Ineffective assistance may also be a basis for equitable tolling of the filing deadline for a motion to reopen. *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). To establish the requisite ineffectiveness, a petitioner must show that his counsel's performance was so deficient that it resulted "in a denial of due process under the Fifth Amendment" because it rendered the proceeding in question "so fundamentally unfair that the [petitioner] [was] prevented from reasonably presenting [his] case." *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003).

Here, Fedoseev told his counsel that his pending asylum application was false, and he gave counsel no reason to believe that he had an alternative, valid ground for asylum. In that light, counsel reasonably advised her client to withdraw the asylum application and accept voluntary departure. Fedoseev was fully apprised of the consequences of accepting voluntary departure before the IJ entered the appropriate order. Given those facts, counsel did not render ineffective

2

assistance, and the IJ and the BIA did not abuse their discretion in denying the motion to reopen. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (reviewing the denial of a motion to reopen for abuse of discretion).

**DENIED**