**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNA JUANA TELLO-TELLO, | No.   15-70903 |
| Petitioner, | Agency No.    A200-622-830 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Reyna Juana Tello-Tello, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review the denial of a motion to reopen for abuse of discretion and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law. *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen for failure to demonstrate prejudice from the alleged ineffective assistance of counsel, where Tello-Tello did not proffer any clarifications to her testimony and did not specify what contentions former counsel should have raised in a brief before the BIA on direct appeal or in a petition for review before this court. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) ("A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice.")

We lack jurisdiction to consider Tello-Tello's unexhausted contentions regarding a presumption of prejudice and her unexhausted contentions regarding legal and factual arguments prior counsel could have made. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (8 U.S.C. "§ 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.")

Because the prejudice determination is dispositive, the BIA did not need to

2                                                                15-70903

address Tello-Tello's contentions regarding her former counsel's performance.
*See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

The BIA did not impose incorrect requirements on Tello-Tello in classifying her motion to reopen as a motion to remand, where both a motion to reopen and a motion to remand would require her to present new facts. *See* 8 C.F.R. § 1003.2(c); *Angov v. Lynch,* 788 F.3d 893, 897 (9th Cir. 2015) (the requirements for a motion to reopen and a motion to remand are so similar, they are evaluated under the same standard); *Ray v. Gonzales,* 439 F.3d 582, 585 n.3 (9th Cir. 2006) ("a claim of ineffective assistance *by its very nature involves the introduction of new facts on appeal"* (emphasis in original)).

Tello-Tello raises no contentions regarding the BIA's reissued decision dismissing her direct appeal, and thus waives any challenge to that order.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-70903