**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SODHI SINGH,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | Nos.  11-73825<br>        13-70838<br><br>Agency No. A079-594-595<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2017**
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and SILVER,*** District Judge.

Petitioner seeks review of the Board of Immigration Appeals' (BIA) order

dismissing his appeal of the Immigration Judge's (IJ) decision declaring his asylum

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        ***        The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

application frivolous under 8 U.S.C. § 1158(d)(6), and the BIA's order denying his motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

Where the BIA, in reviewing the IJ's findings, expressly adopts "the decision of the IJ but also adds its own analysis, the scope of our review extends to the decisions of both the IJ and the BIA." *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). "We review the agency's legal determinations de novo, and factual findings for substantial evidence." *Id.* "We review a BIA ruling on a motion to reopen for an abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (internal quotation marks omitted).

**1.** Substantial evidence supported the BIA's determination that the four procedural requirements for a frivolousness finding were satisfied. To sustain a finding of frivolousness:

> (1) an asylum applicant must have notice of the consequences of filing a frivolous application; (2) the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application; (3) those findings must be supported by a preponderance of the evidence; and (4) the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application.

*Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) (internal quotation marks omitted). In appealing the IJ's decision to the BIA, Petitioner did not argue

2

that he failed to receive adequate notice of the consequences of filing a frivolous asylum application. Because he "never argued to the Board that the notice [he] received was in any way deficient, we lack jurisdiction to consider the argument here." *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008).

The IJ and BIA specifically found that material elements of Petitioner's asylum application were deliberately fabricated. The IJ explicitly found that Boota Singh Basi, an individual convicted of preparing fraudulent asylum applications for Indian aliens, prepared Petitioner's application. The IJ noted that Basi identified his signature as the preparer on Petitioner's application and testified that he translated, notarized, and signed other documents that were submitted in support of Petitioner's application. The IJ also noted that the narrative submitted with Petitioner's application contained almost identical, boilerplate language as other applications that Basi had prepared. On appeal, the BIA highlighted Basi's testimony that he prepared those false narratives and that every single application he prepared in his immigration consulting business was fraudulent. *See Fernandes*, 619 F.3d at 1076 (denying review of the BIA's finding that the petitioner filed a frivolous application where the agency "gave cogent and convincing reasons for [the] specific finding that [the petitioner's] application was fraudulent").

In addition, the IJ and BIA's specific findings were supported by a

3

preponderance of the evidence. *See Ahir*, 527 F.3d at 918. And Petitioner had an opportunity to account for any discrepancies or implausibilities in his application when he opposed the government's motion to reopen his case and when he testified, presented evidence, and questioned witnesses during the proceedings on remand. Thus, we deny the petition with respect to the BIA's order dismissing Petitioner's appeal on the ground that he filed a frivolous asylum application under 8 U.S.C. § 1158(d)(6).

**2.** The BIA did not abuse its discretion in denying Petitioner's motion to reopen removal proceedings based on the ineffective assistance of his counsel, Jonathan Kaufman. "A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice." *Martinez-Hernandez*, 778 F.3d at 1088. The BIA did not abuse its discretion in rejecting Petitioner's claim that Mr. Kaufman was ineffective by failing to inform him that he could present evidence and witnesses to rebut the government's allegations of fraud. Before retaining Mr. Kaufman, Petitioner had notice through his prior attorney, Richard Oriakhi, of the BIA's 2005 decision to reopen his case and remand the record "to allow the parties to present evidence and testimony regarding the alleged fabrication in the underlying asylum application." *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (stating that notice to the attorney of record constitutes

4

notice to the alien).[1]  And, at his initial hearing on remand, the IJ reiterated that the case was remanded to permit the parties "to present evidence and testimony regarding the alleged fabrication in [his] asylum application."

Nor did the BIA abuse its discretion in rejecting Petitioner's claim that Mr. Kaufman was ineffective by failing to brief whether Petitioner received adequate notice of the consequences of filing a frivolous asylum application.  The BIA noted that its 2005 decision reopening Petitioner's case explicitly stated that an alien who knowingly files a frivolous asylum application will be permanently ineligible for any benefits under the Immigration and Nationality Act.  The BIA also noted that "the asylum application filed by the [Petitioner] contained a similar notice."

Because the BIA's denial of Petitioner's motion to reopen was neither arbitrary, irrational, nor contrary to law, we deny the petition with respect to the BIA's denial of the motion to reopen.  *See Martinez-Hernandez*, 778 F.3d at 1088.

Petitioner shall bear all costs of appeal.  *See* Fed. R. App. P. 39(a)(2).

**PETITIONS FOR REVIEW DENIED.**

---

[1]  We lack jurisdiction to consider Petitioner's unexhausted contentions that Mr. Oriakhi failed to translate the BIA's 2005 decision to him or advise him that he could present evidence to rebut the government's allegations of fraud. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").