**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KOSTYANTYN OLEKSANDROVYCH BULANOV, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71605 <br><br> Agency No. A098-131-865 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2018**
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Kostyantyn Oleksandrovych Bulanov, a native and citizen of Ukraine,

petitions for review of an order of the Board of Immigration Appeals (Board)

denying his motion to reopen removal proceedings based on changed country

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conditions. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the Board's denial of a motion to reopen for abuse of discretion and will reverse "only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citation omitted). Where, as here, a petitioner files a motion to reopen based on changed country conditions, the petitioner must demonstrate that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim . . . now has a well-founded fear of future persecution." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (citation omitted). The evidence of changed country conditions must be material and must have been previously unavailable. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

The Board did not abuse its discretion in denying Bulanov's motion to reopen because Bulanov failed to present material evidence of changed conditions in Ukraine. Although the Kotler Report cites a few instances of ongoing mistreatment and violence against non-Orthodox Christians in Ukraine, the Report does not suggest that conditions for non-Orthodox Christians, or for individuals refusing military service, are "qualitatively different" than in the years preceding Bulanov's original hearing. *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010). In addition, even if we accept Bulanov's assertion that the armed conflict

2

2

between the Russian Federation and Ukraine has intensified since his original hearing, Bulanov fails to demonstrate that any increased violence has resulted in an increased threat of harm specifically for non-Orthodox Christians or conscientious objectors. *Ramirez-Munoz*, 816 F.3d at 1229 (concluding that evidence of a general increase in violence in Mexico was insufficient to demonstrate changed country conditions where violence was not linked to an increase in potential harm based on a statutorily-protected ground). Finally, Bulanov's reference to instances of discrimination and violence experienced by some non-Orthodox Christians in the decade prior to his original hearing is not newly available evidence, and so does not support his argument. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). Accordingly, the Board's denial of Bulanov's motion to reopen was not an abuse of discretion.

Bulanov's remaining contentions lack merit. We reject Bulanov's argument that the Board failed to consider his "new fear" of persecution based on political neutrality because Bulanov never asserted political neutrality as a ground for potential persecution separate and distinct from his status as a conscientious objector, which the Board addressed. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (re-stating the "well-known axiom of administrative law" that

3

issues not raised before the proper administrative forum cannot be raised on appeal) (citations omitted). Bulanov's due process claim fails because it is premised on the argument, rejected above, that the Board abused its discretion in denying his motion to reopen.

The petition is **DENIED**.