NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNYFER BERNAL-GONZALEZ, | No. 17-70315 |
| Petitioner, | |
| v. | Agency No. A205-213-822 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2019
Pasadena, California

Before: KELLY,** PAEZ, and BADE, Circuit Judges.

Jennyfer Bernal-Gonzalez (Bernal), a native and citizen of Colombia,

petitions for review of an order by the Board of Immigration Appeals (BIA) that

(1) upheld an immigration judge's (IJ) denial of her applications for asylum,

withholding of removal, and Convention Against Torture (CAT) protection, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

(2) denied her motion to reopen proceedings based on an ineffective assistance of counsel claim. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, dismiss the petition in part, grant the petition in part, and remand for further proceedings.

1. The BIA did not err in denying Bernal's asylum claim as untimely. *See* 8 U.S.C § 1158(a)(2)(B). Bernal filed her asylum application more than three years after she entered the United States but contends that the murder of her uncle in October 2013 by the Revolutionary Armed Forces of Colombia (FARC) constitutes a changed circumstance under 8 U.S.C. § 1158(a)(2)(D). She argues that the BIA erred by requiring her to show that she "could not have filed a meritorious application before the change in circumstances." We disagree. The BIA concluded that the murder of Bernal's uncle in 2013 did not materially affect her asylum eligibility because at the time she entered the United States, the FARC had already murdered several of her family members and stabbed her with a knife. The BIA applied the appropriate legal standard to reach its conclusion. Accordingly, we deny the petition as to Bernal's asylum claim.

2. We lack jurisdiction over Bernal's CAT claim because she failed to exhaust her administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). In her appeal to the BIA, Bernal made no specific arguments with respect to this claim.

2

At most, she made a general challenge to the IJ's decision, which is insufficient. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Accordingly, the petition as to Bernal's CAT claim is dismissed.

3.    Substantial evidence supports the BIA's denial of withholding of removal based on Bernal's purported social group. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). To qualify for withholding of removal, Bernal must establish that it is more likely than not that she will be persecuted upon deportation to Colombia on account of one of five protected grounds, including her membership in a particular social group. *See* 8 U.S.C. § 1231(b)(3)(A). The evidence presented to the IJ reflects that the FARC's persecution of Bernal and her family was for extortion purposes, not because of membership in a protected social group. The record does not compel a contrary result. *See Guo*, 897 F.3d at 1212. Accordingly, we deny the petition as to Bernal's withholding of removal claim based on her membership in a social group.

4.    An ineffective assistance of counsel claim requires the proceedings to be "so fundamentally unfair that [Bernal] was prevented from reasonably presenting [her] case." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (quotation marks and citation omitted). Bernal must show that her counsel performed without "sufficient competence" and that she was "prejudiced" as a result. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam).

3

The BIA abused its discretion in denying the motion to reopen with respect to Bernal's withholding of removal claim. *See id.* at 857. For decades, the FARC threatened, kidnapped, and murdered members of Bernal's family. In February 2009, FARC members stabbed Bernal with a knife, requiring five days' hospitalization and months of recovery. According to the supplemental evidence, Bernal's parents were heavily involved in political organizations opposed to the FARC, and the FARC may have imputed those opinions to Bernal and persecuted her on that basis. Yet, Bernal's former counsel did not raise or develop any evidence regarding Bernal's family's political involvement.

An attorney's failure to discover or present facts that a reasonable attorney would have uncovered or presented can constitute ineffective assistance of counsel. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004). A reasonable attorney would have sought out facts to ascertain whether the FARC's lengthy and brutal persecution was due to any of the five protected grounds for withholding of removal. *See United States v. Lopez-Chavez*, 757 F.3d 1033, 1041-42 (9th Cir. 2014). There is no evidence that this failure was a strategic decision. Bernal's former counsel admitted that she could have provided "better" representation and did not deny that she never inquired about Bernal's family's political involvement. Under these circumstances, Bernal's former counsel did not perform with sufficient competence.

4

The BIA found that Bernal failed to establish prejudice because she did not show that "an imputed political opinion was or will be at least one central reason for any past or future harm." But "[t]o establish a showing of prejudice in the context of a motion to reopen, it is not necessary for a petitioner to make out a prima facie case of eligibility for the ultimate relief sought—a petitioner need not show that [she] would win or lose on any claims." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (internal quotation marks and citation omitted). Rather, Bernal need only "show [that] counsel's performance was so inadequate that it may have affected the outcome of the proceedings." *Id.* (internal quotation marks and citation omitted).

Here, the supplemental evidence submitted by Bernal creates a "plausible" ground for relief. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008). When accepted as true, *see Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005), this evidence shows that the FARC may have known about Bernal's parents' political involvement and imputed their anti-FARC political opinions to Bernal before stabbing and threatening to kill her in place of her mother. The failure to raise this plausible claim may have affected the proceedings.

Accordingly, we remand to the BIA with instructions to reopen proceedings as to Bernal's claim for withholding of removal based on imputed political opinion. Bernal's asylum and CAT claims are barred for reasons unrelated to her

5

former counsel's performance and are not to be considered on remand, nor is her claim for withholding of removal based on social group.[1]

**PETITION DENIED IN PART, DISMISSED IN PART, GRANTED IN PART, and REMANDED.**

---

[1] We deny Bernal's request for judicial notice. Dkt. 35. Neither our decision nor the BIA's analysis is based on the FARC's relationship with the Colombian government. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . . ."); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (concluding that judicial notice is inappropriate where the facts to be noticed are irrelevant).