**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER MARTINEZ-HERNANDEZ, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 11-70492 Agency No. A079-789-315 |

| | |
|---|---|
| JAVIER MARTINEZ-HERNANDEZ, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 11-72532 Agency No. A079-789-315 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2015*
Pasadena, California

---

 * The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed February 24, 2015

Before: Michael J. Melloy,[**] Jay S. Bybee,
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

## SUMMARY[***]

### Immigration

The panel denied Javier Martinez-Hernandez's petition for review from the Board of Immigration Appeals' decision denying his motion to reopen on the basis of ineffective assistance of counsel.

The panel held that the BIA did not abuse its discretion by rejecting petitioner's argument that his counsel was ineffective for failure to seek cancellation of removal, because petitioner failed to make the necessary threshold showing that his claim for cancellation was plausible.

---

[**] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Karla L. Kraus, Kraus Law Corporation, San Diego, California, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

**OPINION**

PER CURIAM:

Petitioner Javier Martinez-Hernandez seeks review of a final order of the Board of Immigration Appeals denying a motion to reopen on the basis of ineffective assistance of counsel. We deny the petition for review.

Petitioner entered the United States at age one in 1984. In 1997, when he was still a minor, his permanent-resident mother applied on his behalf for an I-130 visa. The visa application did not progress, and in 2002, Petitioner was placed in removal proceedings. He successfully terminated those proceedings and continued pursuit of the visa. He received a visa in 2004 and was officially admitted to the United States. By that time, he was no longer a minor. He subsequently failed to apply for adjustment of status within

one year as permitted by the Child Status Protection Act of 2002.**[1]**

Meanwhile, in October 2001, Petitioner and an accomplice committed a violent offense against a police officer.  Petitioner was 18 at the time.  In December 2001, Petitioner pleaded guilty to the felony offense of battery with severe bodily injury, Cal. Penal Code § 243(d), with an enhancement for use of a deadly weapon or instrument on a police officer, *id.* § 1192.7(c)(11).

Petitioner's 2004 visa authorized him to remain in the United States for three years.  He overstayed the visa, and in 2007, he entered removal proceedings.  He conceded removability.  Through counsel, Petitioner indicated he intended to seek cancellation of removal and adjustment of status.  At an initial hearing, an immigration judge indicated Petitioner likely would be ineligible for cancellation of removal due to his criminal conviction.  Petitioner's counsel ultimately applied only for adjustment of status.  The IJ denied adjustment of status based upon Petitioner's failure to apply for such relief within one year of obtaining his visa.

On appeal to the BIA, Petitioner moved to remand his case to the IJ, arguing that counsel was ineffective for failing to seek cancellation of removal and for pursuing only

---

**[1]** The "Child Status Protection Act of 2002 [Pub. L. No. 107-208, 116 Stat. 927 (2002)] prevents individuals from 'aging out' of a visa category as a result of delays in visa processing and adjudication." *Padash v. INS*, 358 F.3d 1161, 1163 (9th Cir. 2004).  The protection extends to persons whose visas were in process at the time of the act's passage. *See id.* at 1174.  To secure adjustment of status based upon the protection of this act, relief must be sought within one year of obtaining a visa. *See* 8 U.S.C. § 1153(h)(1)(A)-(B).

adjustment of status.     Specifically, Petitioner argued
(1) adjustment of status clearly had been foreclosed due to the
one-year bar; (2) counsel should have challenged the IJ's
suggestion that the California felony conviction disqualified
him from receiving cancellation of removal; and (3) counsel
should have pursued cancellation of removal by asserting
exceptional and extremely unusual hardship to Petitioner's
permanent-resident mother and United States-citizen
daughter.     The BIA denied the motion to remand because
Petitioner failed to satisfy the procedural requirements of *In
re Lozada*, 19 I&N Dec. 637 (BIA 1988).     Petitioner then
moved to reopen the case, again alleging ineffective
assistance of counsel.     The BIA held the motion to reopen
satisfied the requirements of *Lozada*, but the BIA denied the
ineffective-assistance claim on its merits.[2]

  "We review a BIA ruling on a motion to reopen for an
abuse of discretion, and will reverse the denial of a motion to
reopen only if the Board acted arbitrarily, irrationally, or
contrary to law." *Maravilla Maravilla v. Ashcroft*, 381 F.3d
855, 857 (9th Cir. 2004) (citation and internal quotation
marks omitted).     A claim of ineffective assistance of counsel
requires a showing of inadequate performance and prejudice.
*Id.* at 858.     To establish a showing of prejudice in the context
of a motion to reopen, it is not necessary for a petitioner to
make out a prima facie case of eligibility for the ultimate
relief sought—a petitioner "need not show that [he] 'would

---

  [2] Petitioner filed two petitions with this court seeking review of these
two separate BIA orders.     We hold that the BIA's second ruling, which
addressed the merits of Petitioner's ineffective-assistance arguments,
mooted its earlier determination that Petitioner had not satisfied the
requirements of *Lozada*.     Accordingly, we deny as moot the petition for
review in the first appeal, Ninth Circuit Case No. 11-70492.

win or lose on any claims.'" *Id.* (quoting *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004)). Rather, a petitioner must show "counsel's performance was so inadequate that it 'may have affected the outcome of the proceedings.'" *Id.* (quoting *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003)). Such a showing cannot be made unless a petitioner demonstrates, at a minimum, that the asserted ground for relief is at least plausible. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008).[3]

Here, even assuming sufficiently inadequate performance by counsel below on any or all of the asserted grounds, Petitioner failed to make the necessary threshold showing that his claim for cancellation of removal was "plausible." *Id*. Without such a threshold showing, a court cannot conclude that counsel's inadequacies "'*may have* affected the outcome of the proceedings.'" *Maravilla Maravilla*, 381 F.3d at 858 (emphasis added) (quoting *Iturribarria*, 321 F.3d at 900).

The BIA in this instance correctly noted that Petitioner presented no argument or evidence tending to show "exceptional and extremely unusual hardship" to a qualifying relative, a requirement for relief pursuant to 8 U.S.C. § 1229b(b)(1)(D). This hardship standard is stringent. It is not satisfied by the mere fact that the petitioner has a citizen child and a permanent-resident mother; more is required.

---

[3] Although a rebuttable presumption of prejudice arises when counsel's failure to timely appeal or file an appellate brief "'deprives the alien of the appellate proceeding entirely,'" *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (quoting *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000)), such a presumption is inapplicable here because Petitioner was not deprived of an appellate proceeding. Rather, Petitioner's new attorney timely filed a notice of appeal, and the BIA decided the appeal.

And, the appellate briefing to our court is devoid of argument, references to evidence, or even a narrative tending to suggest what the nature of the asserted "extremely unusual hardship" to Petitioner's relatives might be. *Cf. Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam) (finding no abuse of discretion in the denial of a motion for remand where a petitioner "did not tender any evidence showing 'exceptional and extremely unusual hardship'"). The BIA, therefore, did not abuse its discretion by rejecting the ineffective assistance of counsel argument and denying the motion to reopen.

The petition for review is **DENIED**.