**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOCHEATH CHAING, | No. 15-72137 |
| Petitioner, | Agency No. A095-195-549 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Socheath Chaing, a native and citizen of Cambodia, petitions pro se for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's order denying her motion to reopen. We have jurisdiction

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen and review de novo questions of law. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

The agency did not err or abuse its discretion in denying Chaing's motion to reopen based on ineffective assistance of counsel, where Chaing's former representative's decision to withdraw her applications for relief and pursue voluntary departure was a tactical one, and where Chaing has not demonstrated she is plausibly eligible for adjustment of status. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) ("A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice. . . . [A prejudice] showing cannot be made unless a petitioner demonstrates, at a minimum, that the asserted ground for relief is at least plausible." (citations omitted)).

In light of this disposition, we do not reach Chaing's contentions regarding compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and regarding not having been advised of the consequences of filing a frivolous asylum claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Chaing's request for referral to the Mediation Unit is denied.

**PETITION FOR REVIEW DENIED.**

15-72137