
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE PETROSYAN; HARUTYUN KHACHATRYAN; SERGEY KHACHATRYAN, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-72715 <br><br> Agency Nos.    A098-824-758 <br> A098-824-759 <br> A098-824-760 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2016[**]
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Petitioners Karine Petrosyan (Petrosyan), Harutyun Khachatryan, and

Sergey Khachatryan, Armenian citizens, challenge the Board of Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' (BIA) denial of Petrosyan's motion to reopen.[1]  Petrosyan contends that reopening of her immigration proceedings is warranted due to ineffective assistance of counsel and changed country conditions.  We review the BIA's decision for abuse of discretion.  *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Petrosyan's untimely motion to reopen because Petrosyan failed to exercise due diligence in pursuing her ineffective assistance of counsel claim.  Despite dissatisfaction with her attorney's performance, Petrosyan waited two years after the BIA's denial of her appeal to file her motion to reopen and "took no affirmative steps to investigate" whether her counsel rendered ineffective assistance.  *Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011).

In addition, Petrosyan failed to establish that her "counsel's performance was so inadequate that it may have affected the outcome of the proceedings." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citation and internal quotation marks omitted).  The immigration judge's adverse credibility determination was based on Petrosyan's inconsistent testimony, her demeanor, and

---

[1]  This memorandum disposition refers to petitioners collectively as Petrosyan because her husband's and son's petitions are derivative.

her nonresponsive answers. *See id.* (requiring claim to be plausible before finding counsel's performance inadequate).

Finally, the BIA did not abuse its discretion in denying Pestrosyan's motion to reopen premised on changed country conditions. The BIA properly concluded that country condition reports and other evidence concerning political persecution in Armenia were immaterial to Petrosyan's asylum claim because she failed to credibly establish that she was persecuted as a political activist. *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008), *as amended* (holding that new evidence of persecution was immaterial due to failure to establish "a *prima facie* case for eligibility").

**PETITION DENIED.**