**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED KAFIULLAH KHAN; FEROZA KAHN; NAZLI KHAN; FAIZAN KHAN; USMAN KHAN, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  11-71747 <br><br> Agency Nos.  A097-548-943 <br> A097-548-944 <br> A097-548-945 <br> A097-548-946 <br> A097-548-947 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2018[**]
Seattle, Washington

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BENCIVENGO,[***]
District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Muhammad Kafiullah Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals (BIA) decision denying his motion to reopen based on a change in country conditions in Pakistan after the date of Khan's asylum hearing.[1]  Reviewing for abuse of discretion, we affirm.  *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (reviewing the denial of a motion to reopen for an abuse of discretion).

The BIA denied the motion to reopen primarily on the basis that the motion was based on "incidents or threats that occurred prior to [Khan's] departure from Pakistan."  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (noting that the petitioner must demonstrate "that circumstances have *changed* sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution") (emphasis added) (citation omitted).

The BIA also noted that the news articles submitted by Khan reported recent incidents of violence at the Pakistan-Afghanistan border, with no showing that these incidents relate in any way to Khan or his family members.  *See id.* (concluding that evidence of general violence does not suffice to establish changed

---

[1] The claims of Khan's wife and children are deriviative of his claim and succeed or fail accordingly.

2

country conditions directed toward the group of which the petitioner is a member).

We cannot say that this determination by the BIA was arbitrary, irrational or contrary to law. *See Martinez-Hernandez*, 778 F.3d at 1088.

**PETITION DENIED.**