**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERTHA SONIA CASTILLON-CAMPOSANO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-72476 <br><br> Agency No. A072-810-969 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Bertha Sonia Castillon-Camposano, a native and citizen of Peru, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying Castillon-Camposano's motion to reopen as untimely and in declining to equitably toll the filing deadline for failure to show due diligence. The motion was filed more than three years after her final administrative order, and Castillon-Camposano did not sufficiently explain in her motion why she did not pursue her ineffective assistance of counsel claim within 90 days of that order. *See* 8 C.F.R. § 1003.2; *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling of the filing deadline is available to aliens who act with due diligence in discovering the deception, fraud, or error that prevented timely filing); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Because the timeliness determination is dispositive, we do not address Castillon-Camposano's contentions regarding the merits of her ineffective assistance of counsel claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

2                                                                                    16-72476