**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILFRIDO BALDOMERO RUIZ CLEMENTE, | No. 17-73131 |
| Petitioner, | Agency No. A070-863-891 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Wilfrido Baldomero Ruiz Clemente, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing his appeal from an immigration judge's order denying his motion to

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). We review de novo questions of law. *Chaidez v. Gonzales*, 486 F.3d 1079, 1082 (9th Cir. 2007). We grant the petition for review.

The BIA erred and abused its discretion in denying Ruiz Clemente's motion to reopen, where it appears to have applied the service requirements for hearing notices to the order to show cause. *See id.* at 1084-85 (under 8 U.S.C. § 1252b (1994), proper service of an order to show cause occurs when it is sent via certified mail and the receipt is signed by either the alien or a responsible person at the alien's address; service of a notice of hearing sent by certified mail to the alien's last known address can be sufficient even if no one signs for it). Here, there is no addressee signature for the order to show cause. Therefore, we remand to the BIA to apply the proper legal standard when determining whether the government met its burden of establishing proper service. *See id.* at 1087.

In light of this disposition, we do not reach Ruiz Clemente's contentions regarding service of the subsequent notice of hearing. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

**PETITION FOR REVIEW GRANTED; REMANDED.**