**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL JUAREZ RAMIREZ, AKA Ramirez Angel Juarez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71258 <br><br> Agency No. A096-318-931 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Miguel Angel Juarez Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen and review de novo questions of law.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying Juarez Ramirez's motion to reopen for failure to show prejudice from any alleged ineffective assistance of counsel, where he did not show what testimony, evidence, or argument his former counsel should have presented that may have changed the outcome of proceedings. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (to show prejudice, "a petitioner must show counsel's performance was so inadequate that it may have affected the outcome of the proceedings" (internal quotation marks and citations omitted)). Contrary to Juarez Ramirez's contention, the BIA cited and applied the correct standard. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law).

In light of this determination, we do not consider Juarez Ramirez's contentions regarding due diligence. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

**PETITION FOR REVIEW DENIED.**

18-71258