**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK LEYVA-VILLASENOR, AKA Erik Leyva Villesenor,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　Respondent. | No.　18-72707<br><br>Agency No. A088-734-156<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]
Seattle, Washington

Before:　IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Erik Leyva-Villasenor appeals the Board of Immigration Appeals (BIA)

order affirming the immigration judge's denial of withholding of removal. We

have jurisdiction under 8 U.S.C. § 1252(a)(1).

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Even if the BIA erred in not addressing Leyva-Villasenor's argument that "the IJ impermissibly failed to ensure that the record was complete," any error was harmless because the IJ did not have an obligation to develop the record, given that Leyva-Villasenor was represented by counsel, *see Dent v. Holder*, 627 F.3d 365, 373–74 (9th Cir. 2010), and because the IJ did not rely on country conditions evidence that was not in the record, *cf. In re S-M-J-*, 21 I. & N. Dec. 722, 732 (BIA 1997).

The BIA did not abuse its discretion by not remanding for further fact-finding. Leyva-Villasenor provided no evidence that his alleged particular social group is socially distinct in Mexico. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–43 (9th Cir. 2020). Therefore, he failed to show his withholding claim was plausible and cannot establish he was prejudiced by the alleged ineffective assistance of counsel. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015).

**AFFIRMED.**