**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOSES MELVIN HUAEMBUKIE,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | Nos.  14-72646<br>15-70174<br><br>Agency No. A200-626-279<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Moses Huaembukie, a native and citizen of Papua New Guinea, petitions for

review of two decisions of the Board of Immigration Appeals ("BIA"): one

dismissing his appeal and affirming the Immigration Judge's ("IJ") denial of his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and the other denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny both petitions for review.

Because the parties are familiar with the facts of this case, we need not recount them here. We review for abuse of discretion the BIA's denial of a motion to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Where a petition for review of the BIA's denial of a motion to reopen is based on alleged ineffective assistance of counsel, the BIA's findings of fact with respect to the performance of counsel are reviewed under the substantial evidence standard. *See Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004).

1. Huaembukie waived all arguments with respect to his petition for review of the BIA's dismissal of his appeal regarding his application for asylum, withholding of removal, and protection under the CAT. He failed to raise any substantive arguments on the merits of these claims, and we therefore deem them waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding that arguments not raised or sufficiently argued in opening brief are waived); *Christian Legal Soc'y of Univ. of Cal. v. Wu*, 626 F.3d 483, 485–86 (9th Cir. 2010) (reasoning that the content of a brief determines what arguments are waived).

2

2. The BIA did not abuse its discretion in denying Huaembukie's motion to reopen because substantial evidence supported its determination that he had not shown a plausible grounds for relief such that he was prejudiced by the actions of his former counsel. To prevail on an ineffective assistance of counsel claim, "the petitioner must demonstrate first that counsel failed to perform with sufficient competence, and, second, that [he] was prejudiced by counsel's performance." *Ahmed v. Mukasey*, 548 F.3d 768, 771 (9th Cir. 2008) (quotations and citation omitted). A petitioner "does not need to show that [he] would win on [his] claims absent [his] attorneys' deficient performance," but he does need to "show '*plausible* grounds for relief.'" *Id.* (quoting *Lin*, 377 F.3d at 1027). Nowhere in his briefing before the BIA or before this Court has Huaembukie demonstrated a plausible grounds for relief. He cites no evidence or testimony that he could have provided absent deficient counsel that plausibly could have satisfied his burden of proof; instead, his arguments focus solely on his former counsel's performance. This is insufficient to prevail on his ineffective assistance of counsel claim. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (denying petition for review, even assuming inadequate performance by counsel, because petitioner failed to make "the necessary threshold showing that his claim . . . was

3

plausible" (quotations and citations omitted)).  Therefore, the BIA did not abuse its discretion.

**PETITION DENIED.**