NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL HUMBERTO CHAVEZ-PEREZ, | No.    18-73189 |
| Petitioner, | Agency No. A043-371-274 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2020[**]
Portland, Oregon

Before:  BENNETT and MILLER, Circuit Judges, and NAVARRO,[***] District
Judge.

Daniel Chavez-Perez petitions for review of the Board of Immigration

Appeals' (BIA) denial of his request to reopen his 2004 immigration proceeding.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review the BIA's "ruling on a motion to reopen for an abuse of discretion." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citation omitted). However, where the BIA considers its sua sponte power our jurisdiction is limited, and we review only for "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020). We deny the petition.

Chavez-Perez's BIA motion sought reopening based on evidence he presented that the 2001 conviction underlying his removal was set aside. The motion did not claim any type of "ineffective assistance of counsel," but did complain that Chavez-Perez's former attorney failed to file a motion with this court to recall the mandate with regard to our 2004 decision rejecting Chavez-Perez's challenge to his removal. The BIA declined to reopen, stating that 8 C.F.R. § 1003.2(d) barred Chavez-Perez's motion to reopen and that even if his motion were not barred, he "has shown neither that he 'promptly' filed this motion to reopen based on *Reyes-Torres v. Holder* or any other fundamental change in law, nor demonstrated diligence in pursuit of his claim. . . . Indeed, [he] asserts that any delay in bringing this matter before the Board was the result of his own lack of diligence . . . ." The BIA concluded that Chavez-Perez did not present an "exceptional situation" warranting sua sponte reopening. The BIA also noted that Chavez-Perez "has not complied with the procedural requirements for an ineffective assistance of counsel claim before the Board as set

2

forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and it does not appear on the face of the record that deficient performance on the part of counsel may have prejudiced the outcome of this case."

Chavez-Perez argues that the BIA "abused its discretion" in denying sua sponte reopening. Chavez-Perez presents no legal or constitutional error for us to review. The BIA has nearly unfettered discretion in determining whether to exercise its sua sponte authority and even in "exceptional situations" it is not required to reopen proceedings. *See Lona*, 958 F.3d at 1227, 1230.[1]

We also find that the BIA did not abuse its discretion with regard to what Chavez-Perez now contends was an ineffective assistance of counsel claim. "[U]nder ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements" set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000). This is an ordinary circumstance; the record does not reflect deficient performance of Chavez-Perez's previous counsel in his underlying immigration

---

[1] Its application of 8 C.F.R. § 1003.2(d) notwithstanding, the BIA considered the merits of exercising its sua sponte authority to reopen Chavez-Perez's immigration proceedings. Because we need not determine the continued applicability of 8 C.F.R. § 1003.2 to resolve this case, we decline to reach the question. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

proceeding, let alone a "clear and obvious case of ineffective assistance of counsel." *Id.* at 526. Thus, as Chavez-Perez failed to follow the procedural requirements identified in *Lozada*, he cannot demonstrate to us that the BIA abused its discretion.

The petition for review is **DENIED.**