**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALHAJI SILLAH,

          Petitioner,

v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   18-71473

Agency No. A038-904-184

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020[**]
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

Alhaji Sillah—a native and citizen of Sierra Leone—petitions for review of

the Board of Immigration Appeals' (BIA) denial of his special motion to reopen

deportation proceedings, which sought relief under former § 212(c) of the

Immigration and Nationality Act (INA). The deadline for Sillah to seek relief

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under § 212(c) was April 26, 2005, which he missed by several years. *See* 8 C.F.R. § 1003.44(h). Sillah challenges the filing deadline, arguing that it is an arbitrary and capricious exercise of the Department of Justice's rule-making authority. Alternatively, Sillah contends that the filing deadline should have been equitably tolled because he diligently pursued relief. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review the BIA's denial of a motion to reopen for abuse of discretion and will only grant a petition for review if the BIA "acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (internal quotation marks and citation omitted). We deny the petition.

1.　　The BIA did not abuse its discretion in denying Sillah's special motion to reopen. In *Luna v. Holder*, we held that the filing deadline at 8 C.F.R. § 1003.44(h) is a "proper procedural rule" that deserves deference. 659 F.3d 753, 759–60 (9th Cir. 2011). *Luna* remains good law in the face of *Judulang v. Holder*, 565 U.S. 42 (2011). *Judulang* evaluated the substantive requirements for eligibility under § 212(c), and did not consider the filing deadline. 565 U.S. at 49, 53. And even if *Judulang* applied here, the filing deadline would still be valid because the Executive Office for Immigration Review (EOIR) provided "a reasoned explanation" for imposing the deadline. *Id.* at 45. The EOIR explained

2

that the filing deadline would afford aliens an opportunity to seek relief under

§ 212(c) and promote finality in their immigration proceedings. *See* Section 212(c)

Relief for Aliens with Certain Criminal Convictions Before April 1, 1997, 67 Fed.

Reg. 52,627, 52,628 (Aug. 13, 2002). Further, the filing deadline did not eliminate

Sillah's opportunity to seek relief. It "simply established a time frame" for him to

do so. *Luna*, 659 F.3d at 760. Thus, the EOIR's imposition of a filing deadline

fell within the reasonable rule-making authority of the Attorney General. *Id.*

Moreover, the filing deadline does not impermissibly distinguish between

aliens based on when they are placed in removal proceedings. Admittedly, an alien

placed in removal proceedings after the April 26, 2005 deadline could seek relief

under § 212(c) after the deadline, while an alien placed in removal proceedings

before the deadline could not. *Cf. Cardenas-Delgado v. Holder*, 720 F.3d 1111,

1113–14 (9th Cir. 2013) (alien placed in removal proceedings in 2006 was eligible

to seek relief under § 212(c)); 8 C.F.R. § 1212.3(e). But to the extent that such a

distinction is arbitrary, filing deadlines are "inherently arbitrary." *United States v.*

*Boyle*, 469 U.S. 241, 249 (1985). And though the deadline "operate[d] harshly"

against Sillah, that is not a sufficient reason to eliminate the deadline. *See United*

*States v. Locke*, 471 U.S. 84, 101 (1985). The BIA's conclusion that Sillah's

special motion to reopen was untimely under 8 C.F.R. § 1003.44(h) was not an abuse of discretion.

**2.** Next, the BIA reasonably denied Sillah's request to equitably toll the filing deadline. To warrant equitable tolling, Sillah must demonstrate that his failure to timely file was beyond his control despite diligently pursuing his rights. *See Smith v. Davis*, 953 F.3d 582, 597–98 (9th Cir. 2020) (en banc). Sillah claims that he diligently pursued his rights by asking Immigrations and Customs Enforcement (ICE) officers during his annual ICE check-ins whether any change in the law could save him from removal. But there is no evidence that ICE officers were aware of Sillah's eligibility to seek relief under § 212(c) or that they were qualified to give the type of legal advice Sillah sought.

This is not a case of a petitioner receiving bad legal advice from an attorney. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("We cannot penalize individuals . . . for reasonably relying on the advice of counsel, even if that counsel turns out to have been incompetent . . . ."). Sillah's annual interactions with ICE were limited to "ensuring that [he] complied with his order of supervision." Those check-ins did not involve an in-depth review of his removal proceedings. Meanwhile, Sillah had ample opportunity to consult an attorney after being found to be removable in June 1996 but failed to do so until December 2017. The BIA

reasonably determined that Sillah did not demonstrate the necessary diligence to toll the filing deadline.

**PETITION DENIED.** Sillah's accompanying motion for stay of removal is **DENIED AS MOOT**.

5