**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PABRIGUI P.  KAGA,

Petitioner,

v.

MERRICK B.  GARLAND, Attorney
General,

Respondent.

No.    18-72341

Agency No.  A213-089-423

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2021
Pasadena, California

Before:  KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Pabrigui Kaga petitions for review of the Board of Immigration Appeals'

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture, and denying his motion to

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reopen on the basis of ineffective assistance of counsel. We grant the petition and remand for proceedings consistent with this disposition.

Substantial evidence does not support the Board's adverse credibility determination. The Board relied on inconsistencies between Kaga's testimony and the State Department Country Report concerning the date of Kaga's arrest and when the Red Cross visited him in prison, but these inconsistencies are manifestly trivial. *See Ren v. Holder*, 648 F.3d 1079, 1085–86 (9th Cir. 2011). Moreover, there is no reason to think that the Country Report writer focused on the details of this kitchen worker's arrest and imprisonment. Kaga testified almost nine years after his arrest, and "[t]he ability to recall precise dates of events years after they happen is an extremely poor test of how truthful a witness's substantive account is." *Singh v. Gonzales*, 403 F.3d 1081, 1090–91 (9th Cir. 2005).

The Board also relied on an inconsistency between Kaga's testimony and the Country Report concerning whether Togo's military retaliated against him for challenging his unlawful imprisonment. That supposed "inconsistency" is between what Kaga says the military did and what Togo's constitution and laws say they should have done. It cannot be assumed that Togo's military obeys those laws, and the same report notes rampant corruption and abuses of authority within Togo's security forces.

2

Finally, the Board relied on an inconsistency between Kaga's testimony that he was never charged with a crime and a State Department report describing charges brought against other people arrested along with Kaga. But the report does not clearly state that everyone arrested was charged with a crime, nor does it reference Kaga.

Considering the totality of the circumstances, substantial evidence does not support the conclusion that Kaga did not testify credibly. *See Ren*, 648 F.3d at 1084–85.[1]

**GRANTED and REMANDED.**

---

[1] The Board also applied the wrong legal standard when it denied Kaga's motion to reopen on the basis of ineffective assistance of counsel. To show prejudice, an alien must show that his counsel's inadequate performance "may have affected the outcome of the proceedings." *Iturribarria v. I.N.S.*, 321 F.3d 889, 900 (9th Cir. 2003) (quoting *Ortiz v. I.N.S.*, 179 F.3d 1148, 1153 (9th Cir. 1999)). He need not make out a prima facie case for relief—he must merely demonstrate that his "asserted ground for relief is at least plausible." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citing *Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008)). The evidence that Kaga submitted in support of his motion corroborates his testimony concerning the date of his arrest, explains the strange phraseology in the statements from his wife, brother, and coworker, and resolves the inconsistency between his testimony and his wife's statement. If Kaga's attorney had properly submitted this evidence, it may have affected the outcome of the proceedings.