NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NESLIHAN YILDIZHAN,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   15-73783<br><br>Agency No. A072-113-410<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,[***] District Judge.

Neslihan Yildizhan, a citizen of Turkey, seeks review of a Board of

Immigration Appeals (BIA) decision denying Yildizhan's third untimely motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

reopen immigration proceedings on her 2007 removal order. "We review a BIA ruling on a motion to reopen for an abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (quotation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"The BIA can deny a motion to reopen on any one of at least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quotations omitted). The BIA did not abuse its discretion in concluding that Yildizhan failed to make a sufficient showing to justify reopening.

First, the BIA did not err in concluding that Yildizhan's conversion to Christianity and the birth of her biracial son do not constitute a change in circumstances or country conditions "arising in the country of nationality," *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), because both are changes in personal circumstances, which alone are insufficient. *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007); *cf. Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014).

Second, the BIA reasonably concluded that the general country conditions

2

evidence Yildizhan submitted does not demonstrate changed conditions or establish prima facie eligibility for asylum or other relief. Yildizhan argues that Turkey has become a "warzone territory" and that the Turkish government has targeted Kurdish citizens. But the BIA could conclude that the country reports and other evidence Yildizhan submitted do not indicate that conditions in Turkey have materially worsened. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). Further, Yildizhan presented no evidence to support her assertion that "major policy changes in the government of Turkey specifically targeting Kurds" have occurred.[1] Accordingly, the BIA provided sufficient grounds for denying reopening.

**PETITION DENIED.**

---

[1] In her motion to reopen, Yildizhan argued that unrest in Syria makes her more vulnerable to persecution. In her opening brief Yildizhan presented no argument on this point, and thus the issue is forfeited. *See, e.g.*, *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).