NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO HERNANDEZ-GONZALEZ, AKA Francisco Gonzalez Hernandez, AKA Fransico Gonzalez Hernandez, AKA Gonzalez Francisco Hernandez, | No. 17-72619 |
| | Agency No. A098-569-229 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022**
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and LASNIK,*** District Judge.

Francisco Hernandez-Gonzalez, a citizen of Mexico, seeks review of a Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

of Immigration Appeals (BIA) decision denying Gonzalez's motion to reopen immigration proceedings on his 2015 removal order. "We review a BIA ruling on a motion to reopen for an abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss in part.

1.      "The BIA can deny a motion to reopen on any one of at least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary relief which he sought." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quotations omitted). In addition, "[t]o qualify for [withholding of removal], the applicant must demonstrate that it is 'more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [the country in question].'" *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (citing 8 C.F.R. § 1208.16(b)(2)).

The BIA did not abuse its discretion in concluding that Gonzalez's motion did not establish prima facie eligibility for withholding of removal based on Gonzalez's

claimed political affiliation. First, the BIA reasonably discounted the allegations in Gonzalez's affidavit because the affidavit did not overcome the Immigration Judge (IJ) and BIA's past adverse credibility findings, which Gonzalez did not challenge. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) (explaining that facts presented in an affidavit supporting a motion to reopen need not be accepted if "inherently unbelievable").

Second, absent credible allegations specific to him, the BIA did not abuse its discretion in concluding that Gonzalez's evidence of generally adverse conditions in Mexico was insufficient to entitle him to withholding of removal. *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2.      Gonzalez argues that the IJ and BIA erred by failing to find an exception to the one-year filing deadline for Gonzalez's asylum application. He further argues that the BIA erred in failing to address whether he is eligible for relief under the Convention Against Torture (CAT). We lack jurisdiction to consider these arguments because Gonzalez failed to exhaust these claims before the BIA. *See, e.g.*, *United States v. De La Mora-Cobain*, 18 F.4th 1141, 1146 (9th Cir. 2021) ("Exhaustion of administrative remedies requires an alien to raise and appeal before an agency the claims that the agency could consider to render relief against the

challenged order at issue."). In his motion to reopen before the BIA, Gonzalez did not argue that the untimeliness of his asylum claim should be excused, nor did he mention his claim for CAT relief.

**PETITION DENIED IN PART AND DISMISSED IN PART.**