**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHEN LI,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    21-70328<br><br>Agency No. A089-880-152<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]
San Francisco, California

Before: WARDLAW and HURWITZ, Circuit Judges, and IMMERGUT,[***] District Judge.

Constance (previously, Chen) Li, a native and citizen of China, filed an untimely motion in 2016 to reopen her removal proceedings. The Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Karin J. Immergut, United States District Judge for the District of Oregon, sitting by designation.

Immigration Appeals ("BIA") denied that motion, and we denied Li's petition for review. *Chen Li v. Barr*, 792 F. App'x 526, 527 (9th Cir. 2020). Li then filed a second motion to reopen and a motion for reconsideration, which the BIA denied. Li petitions for review of that BIA order. We deny the petition in part and dismiss it in part.

1. The BIA did not abuse its discretion in denying Li's motion to reopen for ineffective assistance of counsel. Even assuming that Li's failure to comply with the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988), is not dispositive, she failed to demonstrate prejudice. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). The failure to establish a prima facie case for relief is a valid ground for denying a motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). In denying the first motion to reopen, the BIA held that Li had not demonstrated prima facie eligibility for relief, and we found that conclusion supported by the record. *Chen Li*, 792 F. App'x at 526–27.

2. The BIA also did not abuse its discretion in finding that Li had not established changed country conditions. Substantial evidence supports the BIA's conclusion that Li did not establish a significant deterioration of country conditions for the transgender community since the filing of her first motion to reopen. *See Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) (explaining that a motion to reopen based on changed country conditions "is always *required* to demonstrate

2

changed country conditions").

3.  The BIA's order did not separately discuss Li's motion for reconsideration. However, any error was harmless because that motion is based on the same ineffective assistance of counsel claim as her motion to reopen. *See Zamorano v. Garland*, 2 F.4th 1213, 1227–28 (9th Cir. 2021).

4.  We can review the BIA's decision to deny sua sponte reopening only "for the limited purpose of identifying legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016). Li has identified no such error, so we lack jurisdiction to review that decision.

**PETITION DENIED IN PART AND DISMISSED IN PART.**