**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERVANDO LEON-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   22-358<br><br>Agency No. A208-612-281<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Servando Leon-Rodriguez, a native and citizen of Mexico, petitions for

review from a Board of Immigration Appeals ("BIA") decision denying his motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to remand based on ineffective assistance of counsel ("IAC"), and dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we review the BIA's denial of the motion to remand for abuse of discretion. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We deny the petition for review.[1]

1. The BIA's denial of Leon-Rodriguez's motion to remand was not an abuse of discretion because Leon-Rodriguez does not show he suffered prejudice from his former attorney's failure to timely file certain documentary evidence of his son's medical condition. *See id.* at 1024 (noting an IAC claim requires a showing of prejudice). Leon-Rodriguez does not explain how his claim, "if properly presented, would be viable." *Id.* at 1027. In fact, the excluded doctor's note appears consistent with the IJ's findings that although the child has a kidney condition, he is generally healthy and requires only annual monitoring checkups, and that there is no indication he will not be able to receive necessary care if Leon-Rodriguez is removed.

---

[1] Because Leon-Rodriguez presented the same general ineffective assistance of counsel claim to the BIA that he brings here, his claim is exhausted notwithstanding that his petition for review raises "a more specific legal issue." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

2

The BIA was correct to not presume prejudice merely because Leon-Rodriguez's former attorney admitted to filing evidence past the deadline without an accompanying motion to accept a late filing. An admission of deficient performance does not establish that the deficient performance was prejudicial. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (noting deficient performance and prejudice are separate prongs of the IAC analysis). Because Leon-Rodriguez does not show that his attorney's deficient performance may have impacted the result of his case, his ineffective assistance claim fails. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1089 (9th Cir. 2015) (per curiam).

The motion to stay removal (Dkt. 5) is denied.

**PETITION DENIED.**