**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHEN ZHENG, | No. 23-667 |
| Petitioner, | Agency No. A077-977-217 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Zhen Zheng, a native and citizen of China, petitions for review of the order

of the Board of Immigration Appeals ("BIA") dismissing his appeal from the

decision of an immigration judge ("IJ") granting the government's motion to

terminate his asylum status. We have jurisdiction under 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing de novo questions of law, *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir. 2005), we deny the petition.

More than two decades ago, Zheng was found to have filed a frivolous application for asylum. His appeals from that finding were unsuccessful. Once final, the frivolousness determination permanently barred Zheng from receiving any benefit under the Immigration and Nationality Act. 8 U.S.C. § 1158(d)(6). In 2014, he was erroneously granted derivative asylum based on his wife's asylee status. The government subsequently moved to terminate Zheng's status. In 2018, an IJ granted DHS's motion. The BIA affirmed.

On appeal, Zheng does not dispute the BIA's conclusions that the frivolousness determination was final and that he was statutorily ineligible for derivative asylum. A final frivolousness determination is subject to collateral attack only for ineffective assistance of counsel. *Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 159 (BIA 2020). Zheng forfeited such a claim by failing to make it pursuant to the proper procedures. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Even if we were to reach the merits, he has failed to show inadequate performance and prejudice, as required. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). The BIA's unchallenged conclusions are thus dispositive.

**PETITION DENIED.**