NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO SANCHEZ-GOMEZ, | No. 22-1078 |
| Petitioner, | Agency No. A215-674-689 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Petitioner Mario Sanchez-Gomez ("Sanchez-Gomez") is a native and citizen

of Mexico who seeks review of the Board of Immigration Appeals' ("BIA")

decision which dismissed his appeal from the Immigration Judge's ("IJ") denial of

his application for cancellation of removal. To be eligible for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, Sanchez-Gomez must "establis[h] that removal would result in exceptional and extremely unusual hardship to" his daughter, J.S., who is a United States citizen. 8 U.S.C. § 1229b(b)(1)(D). The application of the exceptional and extremely unusual hardship standard to a given set of facts is a mixed question of law, which we have jurisdiction to review. *Wilkinson v. Garland*, 601 U.S. 209, 217, 221 (2024). "The facts underlying any determination on cancellation of removal . . . remain unreviewable." *Id.* at 225. We review for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under the substantial evidence standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

1. The evidence in the record does not compel a contrary conclusion to the BIA's decision that Sanchez-Gomez's removal would not result in exceptional and extremely unusual hardship to J.S. if she remained in the United States.[1] To satisfy this "stringent" standard, Sanchez-Gomez must demonstrate that J.S. would suffer from "extremely unusual hardship." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1089 (9th Cir. 2015) (internal quotation marks and citation omitted). The

---

[1] Sanchez-Gomez does not appeal the BIA's determination that the hardship J.S. "may face if she were to accompany [Sanchez-Gomez] to Mexico . . . does not amount to exceptional and extremely unusual hardship." Therefore, we do not address the hardship J.S. may face in Mexico. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

hardship J.S. would suffer "must be out of the ordinary and exceedingly uncommon. It must deviate, in the extreme, from the norm." *Gonzalez-Juarez*, 137 F.4th at 1006. Sanchez-Gomez has not satisfied this stringent standard.

2. Although Sanchez-Gomez claims the BIA provided "somewhat dubious factual glosses," we are prohibited from re-weighing the factual determinations of the BIA. *See Wilkinson*, 601 U.S. at 225. In making this argument, Sanchez-Gomez reiterates that J.S. was diagnosed with "panic disorder and major depressive disorder with anxious distress" and "suffers from suicidal ideations." Yet, the BIA acknowledged that J.S. was diagnosed with those same conditions.

3. The record does not compel a contrary conclusion to the BIA's decision that J.S.'s emotional health, if Sanchez-Gomez was removed, would not "result in harm rising to the level of 'exceptional and extremely unusual' hardship." As the BIA recognized, J.S. "was not attending therapy, prescribed medication, or scheduled for a subsequent consultation with the doctor or psychologist." Further, despite Sanchez-Gomez's ongoing immigration proceedings, J.S. testified at the May 2019 hearing that she last had suicidal thoughts in December 2018. Her grades have improved, following their initial decline. Sanchez-Gomez argues that J.S. "has long downplayed her mental health issues," but the record evidence documents these issues.

4. Substantial evidence also supports the BIA's decision that the hardship

J.S. will experience due to Sanchez-Gomez's removal is not exceptional and extremely unusual. Sanchez-Gomez's main argument that his removal will cause J.S. exceptional and extremely unusual hardship is that his presence "helps maintain [J.S.'s] delicate equilibrium." That argument amounts to a repacking of Sanchez-Gomez's argument about J.S.'s emotional health. Yet, as discussed above, the record regarding J.S.'s emotional health does not compel the conclusion that Sanchez-Gomez's removal will result in exceptional and extremely unusual hardship to J.S. Nor does the record compel the conclusion that the economic loss J.S. would suffer due to Sanchez-Gomez's removal is exceptional and extremely unusual. Sanchez-Gomez has real estate assets worth around $125,000 and his wife and children work. As the BIA rightly recognized, "financial hardship by virtue of a relative's removal do[es] not generally establish exceptional and unusual hardship[.]"[2] *See Gonzalez-Juarez*, 137 F.4th at 1008 (concluding that substantial evidence supported the BIA's determination that petitioner did not establish exceptional and extremely unusual hardship when, among other things, his family had $10,000 in assets). Therefore, the record does not compel a contrary conclusion to the BIA's decision as to J.S.'s financial hardship. *Id.* at

---

[2] The BIA incorrectly refers to J.S. as a noncitizen. As the BIA recognizes in its decision, J.S. is a United States citizen. However, the BIA's error does not impact the veracity of its conclusion that financial hardship due to family removal does not generally demonstrate the requisite hardship.

1007-08 ("[A] country conditions report that applies equally to a large proportion of removal cases does not compel the conclusion that the hardship standard [for 8 U.S.C. § 1229b(b)(1)(D)] is met.").

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 3, is otherwise denied.