**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GAVINO RIVERA, | No. 16-71254 |
| Petitioner, | Agency No. A200-127-414 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Jose Gavino Rivera, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). We deny the petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for review.

The BIA did not abuse its discretion in denying Gavino Rivera's motion to reopen where he failed to establish prima facie eligibility for relief. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioners who seek to reopen proceedings "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation omitted)).

As stated in the court's July 19, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

16-71254