**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA BRITO-MARTINEZ, | Nos. 19-71528 & 20-70615 |
| Petitioner, | Agency No. A089-589-713 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 10, 2021[**]
Pasadena, California

Before: R. NELSON and BADE, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Irma Brito-Martinez, a native and citizen of Venezuela, petitions for review

of two orders issued by the Board of Immigration Appeals ("BIA"), on May 22, 2019

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

and February 10, 2020. The 2019 order vacated an immigration judge's ("IJ's") decision granting Petitioner protection under the Convention Against Torture ("CAT"). The 2020 order denied Petitioner's motion to reopen her petition for adjustment of status, asylum, withholding of removal, and relief under the CAT on the ground of changed conditions. Petitioner argues that the BIA erred in reversing the IJ's grant of relief under the CAT and abused its discretion in denying her motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny both petitions.

We review an agency's factual findings for substantial evidence, and "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). Substantial evidence supports the BIA's determination that Petitioner failed to establish eligibility for CAT protection. To receive CAT relief, Petitioner must show that she would "more likely than not" be tortured if removed. 8 C.F.R. §§ 208.16(c)(2), 208.17(a). Petitioner must prove "a chance greater than fifty percent that [s]he will be tortured" if removed to Venezuela, *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004), and that the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a [Venezuelan] public official or other person acting in an official capacity," *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(1)).

2

Here, Petitioner has cited only general concerns of Venezuela's political instability, high crime rate, and deteriorating economic climate—conditions that affect all Venezuelan citizens. She has not pointed to any evidence showing that it is more likely than not that she would be tortured by, or with the consent or acquiescence of, a Venezuelan public official. And she is "not too sure" who would be interested in torturing her in Venezuela. The BIA recognized that, although some of Petitioner's family members were killed in Venezuela, there was no evidence that their deaths were because of their religion, and Petitioner never experienced harm while living in Venezuela. Moreover, the BIA cited Petitioner's testimony indicating that her brother-in-law was killed in a random act of violence, a car-jacking, that was not harm instigated by, or with the consent or acquiescence of, the government.

Petitioner's arguments on appeal lack merit. **First**, Petitioner claims that the BIA erred in requiring a nexus to a protected ground in its CAT determination. But the BIA did not make such a nexus requirement. Instead, the BIA found clear error in the IJ's determination because the IJ's grant of relief "was based primarily on evidence of an economic crisis in Venezuela and high levels of crime," not "a clear probability of torture." The BIA considered whether Petitioner had shown that it was more likely than not that she would be tortured in Venezuela for *any* reason, and did not impose a nexus requirement.

3

**Second**, Petitioner contends that the BIA failed to consider the evidence in the aggregate. Specifically, she alleges that the BIA ignored evidence demonstrating violence and instability in Venezuela, such as travel warnings and the President's imposition of sanctions and travel restrictions against Venezuela. We presume that the BIA reviewed all the evidence in the record. *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Petitioner has not overcome this presumption because the BIA mentioned and cited to the country conditions evidence. Additionally, this evidence does not compel a finding that Petitioner would be more likely than not to experience torture upon her return. *See Flores-Vega v. Barr,* 932 F.3d 878, 887 (9th Cir. 2019) (noting that generalized evidence of violence and crime not particular to a petitioner is insufficient to meet the CAT standard).

**Third**, Petitioner alleges that the BIA erred in finding that the IJ's decision was based on speculation. The IJ found that "anyone associated with the United States" would likely have problems, and that Petitioner "could encounter some very significant problems that would rise, potentially, to the level of torture." The IJ recognized that Petitioner had the burden of establishing that it was more likely than not that she would be tortured if returned to Venezuela but simply concluded that "she should receive protection under the [CAT]." These findings are speculative, as the BIA correctly determined, and clearly erroneous. *See Matter of J-J-F-*, 23 I & N Dec. 912, 920-21 (A.G. 2006) (explaining that to obtain relief under CAT,

4

petitioner must show that each link in the chain is more likely than not to occur). The record is also devoid of any suggestion that state action will be directed against Petitioner. It requires a leap to conclude from findings of Venezuela's poor economy, "amorphous" conditions, and high crime rate that it is more likely than not that Petitioner herself will be tortured "at the instigation of or with the consent or acquiescence of a [Venezuelan] public official or other person acting in an official capacity." *Cole*, 659 F.3d at 771.[1]

We review the BIA's denial of a motion to reopen for abuse of discretion, and we "will reverse the denial of a motion to reopen only if the [agency] acted

---

[1] The implementing regulations for the CAT provide for withholding of removal, 8 C.F.R. § 1208.16(c), or deferral of removal, 8 C.F.R. § 1208.16(c)(4), § 1208.17(a). Petitioner asserts that the Government failed to appeal the IJ's grant of withholding of removal under the CAT, and as a result, Petitioner remains the beneficiary of a grant of withholding. This argument is meritless. First, Petitioner did not raise this issue during the appeal of the IJ's 2017 decision to the BIA or raise it in her subsequent motion to reopen before the BIA. She improperly raises this issue, for the first time, in her second opening brief. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right."). Second, even if this issue is properly before this court, the burden of proof and standards for either form of protection is the same. 8 C.F.R. § 1208.16(c)(2); *see also* § 1208.16(c)(4) (providing that if an applicant shows she is more likely than not to be tortured, she "will be granted [protection] either in the form of withholding of removal or in the form of deferral of removal"). Substantial evidence supports the BIA's finding that Petitioner is ineligible for CAT protection. Petitioner has shown only political instability and economic hardship experienced by all Venezuelan citizens and has failed to point to evidence that compels the conclusion that it is more likely than not that she will be tortured by, or with the consent or acquiescence of, the government if retuned to Venezuela.

5

arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citation omitted). The BIA acted within its discretion in denying Petitioner's motion to reopen.[2] In deciding a motion to reopen, the critical question is "whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim" now does. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Here, the newly submitted evidence includes "travel warnings and [advisories] issued for United States citizens," information about the "economic sanctions imposed on Venezuela by the United States, and other evidence of the general ongoing political instability and economic suffering experienced by all Venezuelan citizens."[3] These reports "simply recount[]

---

[2] Petitioner also challenges the BIA's *sua sponte* denial of reopening for adjustment of status. This court is without jurisdiction to consider a *sua sponte* denial of reopening, other than for the "limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *see also Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). Petitioner raises no such error on appeal. As a result, the BIA's denial of Petitioner's motion requesting *sua sponte* reopening is not subject to review by this court.

[3] Under Rule 28(j) of the Federal Rules of Appellate Procedure, Petitioner cites to supplemental authorities noting the recent designation of Venezuela for Temporary Protected Status ("TPS") by the Department of Homeland Security. *See* 86 Fed. Reg. 13,574 (Mar. 9, 2021). However, the designation of Venezuela for TPS does not support Petitioner's claim under the CAT. The only section of the supplemental authorities discussing human rights focuses on the Maduro regime's repression of political opponents and mentions nothing of religious persecution. *See* 86 Fed. Reg. 13,576 (Mar. 9, 2021). Because Petitioner never claims to be a political opponent to the Maduro regime, the supplemental authorities do not show that "more likely than not" she would be tortured upon removal. 8 C.F.R. §§ 208.16(c)(2), 208.17(a).

previous conditions presented at a previous hearing" and are "not sufficient to show a change in country conditions." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017).

Petitioner's request to reopen her asylum claim is particularly unwarranted in light of her extensive criminal record. Petitioner argues that our recent decision, *Lorenzo v. Whitaker*, 752 F. App'x 482 (9th Cir. 2019), is a changed circumstance that would justify reopening and remand. There, we held that the petitioner's convictions for possessing and transporting methamphetamine did not qualify as controlled substance offenses giving rise to removability. *See id.* at 485. However, Petitioner admitted, not just to one narcotics conviction, but to "five or six" convictions between 2012 and 2014, including convictions for grand auto theft, possession of heroin with intent to sell, possession of methamphetamine, and petty theft. Petitioner's criminal history remains as extensive and serious after *Lorenzo* as it was before. The BIA did not abuse its discretion when it declined to reopen and remand the case.

**PETITIONS FOR REVIEW DENIED.**