**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OLVIN BLADIMIR GARCIA
ZALAVARRIA, AKA Olvin Aguilar-
Garcia,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71919

Agency No. A077-153-870

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2021**
Seattle, Washington

Before:  BEA, BRESS, and VANDYKE, Circuit Judges.

Olvin Bladimir Garcia Zalavarria, a Honduran citizen, seeks review of a

Board of Immigration Appeals (BIA) order denying his timely motion to reopen his

immigration proceedings.  "We review a BIA ruling on a motion to reopen for an

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (citation omitted). We review factual findings for substantial evidence. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion in denying Garcia Zalavarria's motion to reopen his claim for relief under the Convention Against Torture (CAT). To prevail on his ineffective assistance of counsel claim, Garcia Zalavarria must show inadequate performance and prejudice. *Martinez-Hernandez*, 778 F.3d at 1088. When Garcia Zalavarria's counsel failed to file an appellate brief with the BIA which resulted in summary dismissal, it created a rebuttable presumption of prejudice. *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004). But this presumption is rebutted when the petitioner lacks "plausible grounds for relief." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (citation omitted).

To make a plausible claim for CAT relief, the evidence must show that government officials or private actors with government acquiescence would more likely than not torture Garcia Zalavarria after returning to Honduras. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). The BIA did not abuse its discretion in concluding that Garcia Zalavarria does not have a plausible CAT claim.

*First*, Garcia Zalavarria has not plausibly shown that the Honduran government would more likely than not torture him if returned to Honduras. Even if Garcia Zalavarria's December 2012 incident qualified as torture, "a showing of past torture does not give rise to a regulatory presumption of future torture." *Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) (citation, quotation marks, and alterations omitted). And when "circumstances or conditions have changed significantly . . . [for] the particular individual" since the torture happened, "[t]he inference that future torture is likely to recur breaks down." *Id.* (citation omitted).

The BIA could conclude that is the case here. Garcia Zalavarria had no incidents with the Honduran police or military since the December 2012 event. He also continued "to work, own his motorcycle, and travel through checkpoints" in Honduras for almost three years after the incident. The BIA could reasonably conclude it is not plausible that government officials would now more likely than not target Garcia Zalavarria and torture him if returned to Honduras. *See id.* at 883–84; *see also Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (in considering the likelihood of future harm, "the BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear").

Contrary to Garcia Zalavarria's argument, the continued pain that he experiences from the fractures on his wrist does not automatically entitle him to CAT

3

relief under *Mohammed v. Gonzales*, 400 F.3d 785 (9th Cir. 2005). Rather, the regulations make clear that "no one factor is determinative" for a CAT claim. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015); *see also Dawson*, 998 F.3d at 882. And "the showing of past torture does not give rise to a regulatory presumption of fear of future torture." *Mohammed*, 400 F.3d at 802.

*Second*, for the 2015 incident, Garcia Zalavarria does not challenge the BIA's finding that Garcia Zalavarria "had not established that a government official or another person acting in an official capacity would remain willfully blind" to alleged torture by gang members. Garcia Zalavarria thus waived this claim. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004). Regardless, the BIA could conclude that Garcia Zalavarria does not have a plausible CAT claim based on the 2015 incident. Garcia Zalavarria has not shown that government officials knew about the incident. The BIA could also conclude that country conditions evidence indicates that the Honduran government is pursuing the gangs, which undercuts Garcia Zalavarria's claim that it would acquiesce in his torture.

**PETITION DENIED.**