**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGII TAMBIEV,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

Nos.   19-72589
          20-71280

Agency No. A201-682-084

MEMORANDUM*

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Georgii Tambiev, a native and citizen of Russia, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(petition No. 19-72589), and the BIA's order denying his motion to reopen (petition No. 20-71280). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the BIA's denial of a motion to reopen. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). We dismiss in part and deny in part the petition for review in No. 19-72589, and we deny the petition for review in No. 20-71280.

As to petition No. 19-72589, to the extent Tambiev raises a political opinion claim in his opening brief, we lack jurisdiction to consider it because he failed to raise the claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

Substantial evidence supports the agency's determination that Tambiev failed to establish he suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("persecution is an extreme concept, it does not include of every sort of treatment our society regards as offensive" (internal quotation and citation omitted)). Substantial evidence also supports the agency's determination that Tambiev failed to establish a well-founded fear of future persecution. *See id. at* 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Tambiev's asylum claim fails.

2

In this case, because Tambiev failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Tambiev failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Russia. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to petition No. 20-71280, the BIA did not abuse its discretion in denying Tambiev's motion to reopen removal proceedings where he failed to submit an appropriate application for relief. *See* 8 C.F.R. § 1003.2(c)(1); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008) (no abuse of discretion in denying motion to reopen, in part, because the motion was not accompanied by an application for the relief sought).

We reject as unsupported by the record Tambiev's contentions that the BIA failed to appropriately credit his testimony following the IJ's determination that he was credible.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**No. 19-72589: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 20-71280: PETITION FOR REVIEW DENIED.**