**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Maria Elena Lopez Guerrero; Nora Guzman Lopez; Blanca Guzman Lopez; Ublado Guzman Lopez; Paloma Guzman Lopez; Alexa Guzman Lopez<br><br>Petitioners,<br><br>  v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 22-61<br><br>Agency Nos.  A208-604-328<br>A208-604-329<br>A208-604-330<br>A208-604-331<br>A208-604-332<br>A208-604-333<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**
Portland, Oregon

Before: RAWLINSON, BEA, SUNG, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioners Maria Elena Lopez Guerrero and her five children, all natives and citizens of Mexico, petition this court for review of the Board of Immigration Appeals's (BIA) decision dismissing their appeal from the Immigration Judge's (IJ) denial of Petitioners' application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(d). For the reasons below, we deny the petition.

1. Substantial evidence supports the determination that Petitioners did not show past persecution or a well-founded fear of future persecution because the record did not establish the required nexus between the Petitioners' experiences and proposed social group.[1] Although Petitioners understandably fear comunitario and cartel violence, the record does not show that either the comunitarios or cartel targeted Petitioners because of their familial relationship to an individual who resisted recruitment and extortion. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (recognizing that "an applicant must show [they were] individually targeted on account of a protected ground rather than simply the victim of generalized violence").

Petitioners argue that the IJ and BIA did not correctly characterize the proposed social group, which Petitioners describe as relatives of an individual who resisted and fled comunitario recruitment who themselves fled Mexico and

---

[1] We review the agency's factual findings, including whether alleged persecutors were motivated by Petitioners' membership in a particular social group, for substantial evidence. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (*citing INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

then returned. Even assuming Petitioners adequately presented that proposed social group to the agency and that it is cognizable and not waived, Petitioners' general, anecdotal assertions that cartels kill those who flee and then return do not establish that Petitioners might be targeted because of their membership in that group. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding fear of future persecution was too speculative where record did not contain specific evidence). Petitioners therefore did not satisfy the nexus requirement for either asylum or withholding of removal.[2]

2. Petitioners failed to exhaust their ineffective assistance of counsel (IAC) claim. Generally, Petitioners may not raise an IAC claim in front of the BIA unless they (1) provide an affidavit detailing their agreement with counsel, (2) inform counsel of the ineffective assistance claim against them and provide counsel an opportunity to respond, and (3) report whether a complaint was filed with the appropriate professional disciplinary authority. *Guan v. Barr*, 925 F.3d 1022, 1033 n.6 (9th Cir. 2019) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)). Petitioners did not satisfy these procedural requirements.

---

[2] Petitioners have not shown any causal relationship between their feared harm and a particular social group, so we do not need to address the difference in the nexus requirements for asylum (requiring membership in a particular social group to be "one central reason" for persecution) and withholding (requiring membership to be only "a reason"). *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (citing *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)).

A petitioner's failure to comply with *Matter of Lozada* may be excused if "the ineffectiveness of counsel was plain on its face." *Id*. at 1033 (quoting *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010)). To show ineffective assistance of counsel, a petitioner must establish "inadequate performance and prejudice." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015). Petitioners' initial counsel's decision to file a joint asylum application does not plainly constitute inadequate performance: Petitioners were not required to file individual applications for asylum, and because five of the Petitioners were minors at the time they applied for relief, counsel may have had strategic or humanitarian reasons for advising Petitioners to file jointly. Petitioners have therefore failed to exhaust their administrative remedies for this portion of their IAC claim.

Petitioners did not raise their counsels' failure to challenge their Notices to Appear in front of the BIA. Before raising the issue in their petition for review, Petitioners were required to file a motion to reopen. *Ontiveros-Lopez* v. *I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (motion to reopen required for administrative exhaustion of ineffective assistance of counsel claim to allow the agency to apply its expertise to a fully developed record). Because they did not

4                                                                                  22-61

do so, Petitioners have also failed to exhaust their administrative remedies for this piece of their IAC claim.[3]

**DENIED.**

---

[3] Even if we were to assume Petitioners did not fail to exhaust their administrative remedies, we would conclude that their counsels' failure to challenge their Notices to Appear is not plainly ineffective on the face of the record because the record does not show inadequate performance. *Castillo-Perez*, 212 F.3d 518, 525 (9th Cir. 2000). Issued December 11, 2015, Petitioners' charging documents allege that "On December 9, 2015, [Petitioners] applied for admission into the United States through San Ysidro POE pedestrian inspections." Accordingly, 8 U.S.C § 1182(a)(7), not § 1182(a)(6), was the correct inadmissibility provision.