NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOPEZ PABLO SEBASTIAN, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1792 <br><br> Agency No. <br> A072-989-707 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Lopez Pablo Sebastian, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen

his immigration proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we deny the petition.

1.      The BIA did not abuse its discretion in declining to apply equitable tolling to the ninety-day period to file a motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i). To obtain equitable tolling based on ineffective assistance of counsel, Pablo Sebastian was required to show, among other things, "that he demonstrated due diligence in discovering counsel's fraud or error."  *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) (citation omitted).  Pablo Sebastian filed his motion over one year after the BIA affirmed the order of removal against him.  His motion did not explain why he waited more than ninety days to move to reopen his case, and he offered no description of when he suspected his lawyers' errors or what steps he took to investigate those errors.  *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).  It was not an abuse of discretion to conclude that Pablo Sebastian failed to meet his burden of showing that he exercised due diligence.  *See Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007) (concluding the BIA did not abuse its discretion in determining that a months-long delay in hiring new counsel was a failure to exercise due diligence).

We decline to consider Pablo Sebastian's newly raised argument that he exercised reasonable diligence considering his nationality, education status, and lack of legal training, because those arguments were not exhausted before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Szonyi v. Whitaker*, 915 F.3d 1228, 1233 (9th Cir.

2019) ("A petitioner's failure to raise an argument before the BIA generally constitutes a failure to exhaust." (citation omitted)).

2.    The BIA did not abuse its discretion in concluding that, even if the motion to reopen were timely, Pablo Sebastian failed to show prejudicial ineffective assistance of counsel. The BIA reasonably concluded that Pablo Sebastian was not prejudiced by the lack of a Kanjobal interpreter when Pablo Sebastian previously indicated that he is fluent in Spanish. Moreover, the Immigration Judge (IJ) stated that the outcome of the proceedings, including the adverse credibility determination, was not dependent on any language difficulty. Pablo Sebastian therefore failed to demonstrate the prejudice necessary to establish an ineffective assistance of counsel claim. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015).

3.    Pablo Sebastian's arguments challenging the BIA's 2019 affirmance of the IJ's decision denying his applications for asylum, withholding of removal, and CAT protection are untimely and not properly before this court, so we decline to consider them. *See* 8 U.S.C. § 1252(b)(1). We also decline to consider Pablo Sebastian's argument that counsel was deficient in failing to obtain the I-213 form from the Department of Homeland Security because that argument was never raised to the BIA. *See id.* § 1252(d)(1). And Pablo Sebastian did not challenge in his opening brief the BIA's denial of his motion to reopen sua sponte, so that

argument is forfeited. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 n.9 (9th Cir. 2022).

**PETITION DENIED.**