NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAVIER HERRERA-CASTANEDA,

Petitioner,

v.

JAMES R. MCHENRY III, Acting Attorney General,

Respondent.

No. 23-3171

Agency No.
A095-723-057

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2025[**]
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner Javier Herrera-Castaneda, native and citizen of Mexico, seeks review of the Board of Immigration Appeals ("BIA") order denying his third motion to reopen removal proceedings and declining to grant sua sponte reopening.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review a BIA ruling on a motion to reopen for an abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (quoting *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004)). We lack jurisdiction to review the BIA's decision denying sua sponte reopening of removal proceedings except to the extent the petition presents a colorable argument that the BIA made a legal or constitutional error. *Bonilla v. Lynch*, 840 F.3d 575, 586-588 (9th Cir. 2016). We deny the petition in part and dismiss it in part.

1. The BIA concluded that Herrera-Castaneda could not prevail on his time- and number-barred motion to reopen on the basis of changed country conditions. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The "changed country conditions" exception permits an otherwise time- and number-barred motion to reopen when the petitioner can, *inter alia*, "demonstrate that . . . new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Id.* at 1204 (internal quotation marks and citation omitted).

The BIA reasonably determined that Herrera-Castaneda's evidence of gang violence against his relatives did not show that his familial status would be a reason for his persecution for purposes of his asylum and withholding of removal

2                                                                    23-3171

claims. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016-17 (9th Cir. 2023). The BIA likewise reasonably determined that the evidence of gang violence did not establish that Herrera-Castaneda would face a "*particularized threat* of torture" for purposes of his Convention Against Torture claim. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (emphasis in original) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)). The BIA thus did not abuse its discretion in concluding that the new evidence did not establish prima facie eligibility for any of Herrera-Castaneda's claims.

2. The BIA did not abuse its discretion in determining that Herrera-Castaneda failed to establish any extraordinary circumstances that prevented him from bringing his motion sooner or due diligence, as would be needed to warrant equitable tolling. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022).

3. Because Herrera-Castaneda does not contend that the BIA made any legal or constitutional error, we dismiss Herrera-Castaneda's challenge to the BIA's denial of sua sponte reopening for lack of jurisdiction. *See Bonilla*, 840 F.3d at 586-88.

Petition **DENIED in part and DISMISSED in part.**