**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ESVIN MONZON VILLATORO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2055<br><br>Agency No.<br>A095-811-364<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025[**]
Pasadena, California

Before: PAEZ, TALLMAN, and R. NELSON, Circuit Judges.

Petitioner Esvin Monzon Villatoro is a native and citizen of Guatemala. He

seeks review of the Board of Immigration Appeals' (BIA) denial of his untimely

motion to reopen removal proceedings. "We review a BIA ruling on a motion to

reopen for an abuse of discretion, and will reverse the denial of a motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (quoting *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004)). We have jurisdiction under 8 U.S.C. § 1252 and we deny Monzon Villatoro's petition for review.

The BIA concluded that Monzon Villatoro could not prevail on his time-barred motion to reopen on the basis of changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017). The "changed country conditions" exception permits an otherwise time-barred motion to reopen when the petitioner can, *inter alia*, "demonstrate that . . . new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Agonafer*, 859 F.3d at 1204 (quotation omitted).

The BIA reasonably determined that Monzon Villatoro's evidence of gang violence and crime in Guatemala did "not establish a material change in country conditions in Guatemala since [Villatoro] was denied relief and protection by the Immigration Judge on July 21, 2015." And the BIA reasonably determined that this alleged new evidence, when considered with the evidence Monzon Villatoro had previously submitted, would not establish prima facie eligibility for his asylum or withholding of removal claims nor for his claim for protection under the Convention Against Torture (CAT). The BIA found that Monzon Villatoro's fear of general

criminality in Guatemala did not establish a nexus to a statutorily protected ground, precluding his asylum and withholding of removal claims. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Similarly, it found that Monzon Villatoro's evidence of generalized crime and gang violence in Guatemala was insufficient to show that it was more likely than not that he would be tortured by or with the acquiescence of the Guatemalan government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Thus, the BIA did not abuse its discretion in denying Monzon Villatoro's untimely motion to reopen based on changed country conditions.

**DENIED.**