NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CISNEROS LOPEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2298

Agency No.
A076-666-114

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2025
Pasadena, California

Before: PAEZ, TALLMAN, and R. NELSON, Circuit Judges.

After the Board of Immigration Appeals (BIA) affirmed the denial of Juan

Cisneros Lopez's claims for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT), Cisneros Lopez's counsel failed to file a

timely petition for review. To reset the deadline to file a petition, Cisneros Lopez

claimed ineffective assistance of counsel and asked the BIA to reopen his removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

proceedings and reissue its decision. The BIA declined. Cisneros Lopez petitions for review of that decision. We have jurisdiction under 8 U.S.C. § 1252(a), and we review the BIA's decision for an abuse of discretion. *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam). We deny the petition.

1.      The BIA denied Cisneros Lopez's motion because he failed to show that his asylum, withholding, and CAT claims are plausible. That was not an abuse of discretion. To show ineffective assistance of counsel, Cisneros Lopez must establish that his counsel acted deficiently and that the deficiency may have affected the outcome of the proceedings. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824, 826 (9th Cir. 2003). "[A]t a minimum," that means that Cisneros Lopez must demonstrate that his claims for relief are "plausible." *Martinez-Hernandez*, 778 F.3d at 1088.

Because his counsel's error prevented him from filing a timely petition for review, prejudice is presumed. *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). The BIA invoked that presumption. But, as the BIA also noted, the presumption is rebuttable. We have held that, notwithstanding the presumption, petitioners still must show that their claims for relief are plausible. *Rojas-Garcia*, 339 F.3d at 826–28; *Siong v. INS*, 376 F.3d 1030, 1038 (9th Cir. 2004); *Dearinger*, 232 F.3d at 1046. The BIA did not abuse its discretion by requiring Cisneros Lopez to do the same.

2.      Arguing otherwise, Cisneros Lopez suggests that the BIA may deny reopening only on grounds authorized by statute or caselaw.  He also argues that, because he sought reopening "to restart" a deadline rather than "to relitigate" claims, the BIA should not have required a showing of plausibility.

Yet, subject to certain restrictions, the decision to grant or deny a motion to reopen is committed to the BIA's discretion.  8 C.F.R. § 1003.2(a).  Unless a regulation, statute, or the Constitution dictates otherwise, the BIA may decide which circumstances warrant reopening.  *See INS v. Jong Ha Wang*, 450 U.S. 139, 143 n.5 (1981).  We may review only whether the BIA acted "arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez*, 778 F.3d at 1088.  Requiring Cisneros Lopez to show plausible grounds for relief was not arbitrary, irrational, or contrary to law.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall dissolve when the mandate issues.  Cisneros Lopez's motion to stay removal, Dkt. 4, is otherwise denied.

23-2298