**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE VILLA PALOMINOS, et al., | No. 17-70436 |
| Petitioners, | Agency Nos. A202-034-374 |
| v. | A202-034-375 |
| | A202-034-376 |
| | A202-034-377 |
| TODD BLANCHE, Acting Attorney General, | A202-034-378 |
| | A202-034-379 |
| | A202-034-380 |
| Respondent. | A202-034-381 |

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026[**]
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Enrique Villa Palominos, his wife, and their six children (collectively,

"Petitioners") appeal the decision by the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying Petitioners' motion to reopen their petition for asylum, withholding of removal, and protection under the Convention Against Torture due to ineffective assistance of counsel ("IAC").[1] We review the factual findings of the BIA for substantial evidence, the BIA's decision on a motion to reopen for abuse of discretion, and questions of law de novo. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). Due process claims, including those based on ineffective assistance of counsel, are reviewed de novo. *Id.* We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The BIA did not abuse its discretion in denying Villa Palominos's motion on the basis that he had not established prejudice. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (providing that petitioner must demonstrate prejudice caused by counsel's performance to prevail on IAC claim). Neither his prior counsel's performance nor the Immigration Judge's ("IJ") statements expressing frustration with that performance establishes a presumption of prejudice. *Cf. Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 n.3 (9th Cir. 2015) ("[A] rebuttable presumption of prejudice arises when counsel's failure to timely appeal or file an appellate brief 'deprives the alien of the appellate proceeding entirely[.]'"

---

[1] Villa Palominos's wife and children are derivative beneficiaries of his asylum application. As Villa Palominos does not challenge the BIA's decision regarding the merits of his claims for relief, he has forfeited such review. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025) (issues omitted from an opening brief are generally forfeited).

2

(quoting *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003))). Although Villa Palominos cites *Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011), for the proposition that "[t]he failure to file a necessary document creates a presumption of prejudice," the IJ here overlooked counsel's failure to file declarations, took Villa Palominos's testimony, and did not make any adverse credibility determination. And Villa Palominos makes no showing that his claims, "if properly presented, would be viable." *Lin*, 377 F.3d at 1027; *see also Singh*, 658 F.3d at 887 ("The failure to file a necessary document creates a presumption of prejudice, rebutted only when the alien lacks plausible grounds for relief." (citation modified)).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.